IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN KREUZIGER, individually and
on behalf of all others similarly situated

                              Plaintiff,

V.                                                             Case No. 19-CV-01747

MILWAUKEE COUNTY And
MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,

                              Defendants.

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MILWAUKEE COUNTY AND MILWAUKEE METROPOLITAN SEWERAGE DISTRICT'S MOTION TO BAR THE PLAINTIFF'S EXPERT**

       Plaintiff, Brian Kreuziger, individually and on behalf of others similarly situated, by and through his attorneys, Galanis, Pollack, Jacobs & Johnson, S.C., submits this Brief in Opposition to Defendants' Motion to Bar the Plaintiff's Expert as follows:

## INTRODUCTION

       This lawsuit arises out of the removal of the Estabrook Dam from the Milwaukee River. The Plaintiff filed suit in the above captioned matter on November 27, 2019. (Complaint, ECF-Doc. 1). On February 4, 2020, the parties submitted a Joint Report and Discovery Plan (Joint Report, ECF-Doc. 15). The Joint Report indicated that Plaintiff's Experts were to be disclosed with expert report by May 13, 2020. After the Rule 26 conference held on February 7, 2020 the Court entered a Trial Scheduling Order. (Trial Scheduling Order, ECF-Doc. 17). The Trial Scheduling Order does not indicate or provide for an Expert Report deadline or disclosure date. Therefore E.D. Local Rule 26(b)(1) and FRCP 26(2)(D)(i), whereby disclosure is required 90 days before trial applies. Thereafter, on May 13, 2020, the parties executed and filed a stipulation that

1

does not have an order from this court memorializing a revised schedule that included the following relevant deadline:

1. Plaintiff shall disclose expert witnesses, if any, with reports by June 15, 2020.

Defendants shall disclose expert witnesses, if any, with reports by August 15, 2020.

(Stipulation on Rule 26(f) Discovery Plan, ECF-Doc. 26).

The deadline in the foregoing stipulation was in addition to the following deadline set by the Court in the Trial Scheduling Order:

Interim settlement reports due: August 25, 2020 and November 17, 2020

Dispositive motions due: August 31, 2020

Motions in limine due: November 20, 2020

Final pretrial report due: November 25, 2020

Final pretrial conference: December 1, 2020 at 8:30 AM

Jury trial: December 7, 2020 at 8:30 AM

(Trial Scheduling Report, ECF-Doc. 17).

On June 15, 2020, Plaintiff's counsel served on Defendants via email, a curriculum vitae of Russel Kashian, Ph.D., a professor in the department of economics at the University of Wisconsin-Whitewater and an article that Dr. Kashian wrote that discussed the significant effect a change in water level has on the value of real estate. (Exhibits E, F & G, June 15, 2020 Email Correspondence, Curriculum Vitae of Dr. Russell Kashian and "Lake Drawdown: The Value of 2 Inches of Water"; ECF-Doc 32). Plaintiff's counsel further indicated that the remaining components of Dr. Kashian's expert report were being finalized. (Id.)

On July 28, 2020, Defendants filed an Expedited Non-Dispositive Motion pursuant to Civil L.R. 7(h) seeking an Order extending Defendants' August 15, 2020 deadline to disclose expert witnesses and the parties' August 31, 2020, deadline for summary judgment. (Defendants' Expedited Non-Dispositive Motion to Enlarge Time to Disclose Defense Experts and File Summary Judgment Pleadings, ECF- DOC. 33). Plaintiff did not oppose Defendants' Motion. On

2

August 6, 2020, the Court entered an Order enlarging the time for Defendants' to disclose experts, and adjourned the summary judgment deadline as set in the Court's Trial Scheduling Order. (Order, ECF-Doc. 34).

On September 4, 2020, and in conjunction with the filing of this Brief, Plaintiff has served on Defendants via email, the remaining components of Dr. Kashian's expert report.

## ARGUMENT

### I. DEFENDANTS HAVE NOT MET THEIR 'DUTY TO CONFER' REQUIREMENT PRIOR TO FILING THE MOTION TO BAR EXPERT WITNESS

This Court in its Trial Scheduling Order, at mandatory requirement number nine (9), outlines that the attorneys for the Defendants have an obligation to discuss anticipated pretrial motions directly with opposing counsel. The Court further requires actual discussion and suggestions for genuine compromise, and discourages a mere e-mail. The additional requirement is that the movant's counsel must outline that, after consultation, the parties have failed to reach an accord. The Order further indicates "to be clear, the court expects the parties to confer several times and document those conferences before raising a pretrial motion before the court." A failure to comply with this provision "will be sufficient grounds to deny the motion."

Defendants' attorney filed a Declaration asserting at paragraph nine (9) that he spoke with Plaintiff's receptionist on June 16, 2020. It is further asserted that Plaintiff's attorney was in a hearing or preparing for a hearing. This was Defendants' attorney's sole attempt to discuss this pre-trial motion before it was filed. There was no further communication, no e-mail correspondence, nor any actual discussion with Plaintiff's attorney that would be necessary in order to comply with the obligation to discuss and confer PRIOR to filing a pretrial motion.

This Court must make a finding that Defendants' attorneys have failed to meet the mandatory requirement to discuss the subject matter of the pretrial motion and that the appropriate remedy would be to deny the motion pursuant to this failure.

3

## II. PLAINTIFF SUBSTANTIALLY COMPLIED WITH FEDERAL RULE OF CIVIL PROCEDURE 26 AND, ALTERNATIVELY, PLAINTIFF'S VIOLATION WAS JUSTIFIED AND HARMLESS

Plaintiff complied with Fed. R. Civ. P. 26(a) by providing the required expert information to the Defendants shortly after the Plaintiff acquired the information. Fed. R. Civ. P. 37(C)(1) provides that "A party that ***without substantial justification*** fails to disclose information required by Rule 26 (a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or a motion not so disclosed." "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either ***justified or harmless***. *Finley v. Marathon Oil Co.*, 75 F.2d 1225, 1230 (7th Cir. 1996) (emphasis added). However, in deciding whether to exclude non-disclosed witnesses, the district court "should consider prejudice or surprise to opposing party, ability of party to cure prejudice, likelihood of disruption, and moving party's bad faith . . ." *Brock v. Ineichen*, 54 F.3d 425, 432 (7th Cir. 1995).

Here, Plaintiff had substantial justification for not providing a complete report as outlined in Rule 26, by June 15, 2020. Plaintiff's expert report was delayed in part due to the Covid-19 pandemic and subsequent "Safer at Home" orders mandated in Wisconsin by Governor Tony Evers. As a result of the governor's order, Dr. Kashian was limited in his ability to conduct research while revising his curriculum and teaching responsibilities in response to the University of Wisconsin-Whitewater's response to the pandemic. Consequently, Plaintiff did not intentionally violate Rule 26(a). The identity of the expert and overview of the content of the expert testimony was timely provided, and the report and supporting documents were provided once finalized by the expert. So, for that reason alone, Plaintiff should be allowed to use Dr. Kashian's expert report and testimony after Defendants have the opportunity to depose him, if they so choose.

Defendants would be prevented from claiming an actual prejudice when the expert report and supporting materials were provided within the disclosure timeline required by FRCP 26(2)(D)(i) "at least 90 days before the date set for trial or for the case to be ready for trial." In

4

addition, Defendants' prejudice can be further minimized by authorizing additional time to take the deposition of Dr. Kashian, if it cannot be competed as required by November 7, 2020. This would not cause serious disruption as the Court has already enlarged the time for Defendants to disclose experts, and adjourned the dispositive motion deadline for the parties. Plaintiff is not guilty of bad faith as full disclosure was conveyed once completed.

Plaintiff asks the court to rule that there is substantial justification for not disclosing the complete expert's report sooner and to rule that, in any event, the failure to disclose it sooner is rendered harmless based on the extended deadline for Defendants to disclose their experts and for the parties summary judgment deadline. Another factor that is often considered is "the importance of the witness's testimony." *U.S. v. $ 9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998). Here, Dr. Kashian's report, opinions and testimony will be crucial in calculating the amount of damages Plaintiff has suffered.

### III. DR. KASHIAN IS QUALIFIED TO OFFER TESTIMONY AND OPINIONS IN THE ABOVE-CAPTIONED CASE UNDER FEDERAL RULE OF EVIDENCE 702

"A review of case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Advisory Committee Notes, 2000 Amendments, Fed. R. Evid. 702; *see also Travelers Property Cas. Co. v. General Elec. Co.*, 150 F.Supp.2d 360, 264 (D. Conn. 2001). In evaluating the admissibility of expert testimony, courts in the Seventh Circuit employ a two-step inquiry. *See Ancho v. Pentek*, 157 F.3d 512, 515 (7th Cir.1998), *citing Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997). First, the Court must decide "whether the expert's testimony pertains to scientific knowledge" and "must rule out subjective belief or unsupported speculation." *Id.*, citing *Porter v. Whitehall Lab.*, 9 F.3d 607, 614 (7th Cir. 1993). Second, the Court must determine "whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." *Ancho*, 157 F.3d at 515. Regarding this second inquiry, "the district court must consider whether the testimony will assist the trier of fact with its analysis of ***any of the issues involved in the case***." *Smith v. Ford Motor Company*, 215 F.3d 713,

5

717 (7th Cir. 2000) (emphasis supplied). "***The expert need not have an opinion on the ultimate question*** to be resolved by the trier of fact to satisfy this requirement." *Id.* (emphasis supplied). Likewise, the Court's gatekeeping function should serve as a flexible and commonsense undertaking in which the trial judge is granted "broad latitude" in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42 (1999).

Importantly, the Seventh Circuit has very recently reiterated *Daubert*'s admonition that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 766 (7th Cir. 2013), citing 509 U.S. at 596. "As the Second Circuit has explained, trial judges acting as gatekeepers do not assume 'the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul' that would 'inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury.'" *Id.* at 766, quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1045 (2d Cir. 1995). As such, the Court's focus "must be solely on principles and methodology, not on the conclusions they generate." *Id.* at 765, quoting *Daubert*, 509 U.S. at 595 (finding the district court intruded on the role of the jury in excluding expert testimony regarding an alternative design for power saws). "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006).

Here, the report, testimony, and opinions offered by Dr. Kashian are based upon the scientific method, supported by proper analysis in the respective field, and will assist the trier of fact in understanding at least one of the issues, namely the calculation of damages, in this litigation. As such, it meets the requirements for admission of expert testimony pronounced in *Daubert* and the Seventh Circuit and Defendants should be left to raise its criticisms at the proper time – during trial.

6

## CONCLUSION

For the foregoing reasons, Defendants' motion to bar Dr. Kashian from testifying and otherwise offering opinions in the above-captioned lawsuit should be denied.

Dated this 4th day of September, 2020.

                                          GALANIS, POLLACK, JACOBS & JOHNSON, S.C.
                                          Attorneys for Plaintiff

                                          */S/ Electronically signed and dated*_____
                                          Joshua J. Brady
                                          State Bar No. 1041428
                                          Zachary L. Enstrom
                                          State Bar No. 1102478

P.O. Address:
839 N. Jefferson St.
Suite 200
Milwaukee, WI 53202
(414)271-9556
jbrady@gpjlaw.com
zenstrom@gpjlaw.com