IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN KREUZIGER

    Plaintiff,

v.                                                                                                Case No. 19-CV-01747

MILWAUKEE COUNTY and
MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,

    Defendants.

**DEFENDANTS, MILWAUKEE COUNTY AND MILWAUKEE METROPOLITAN SEWERAGE DISTRICT'S REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO BAR PLAINTIFF'S EXPERT**

Defendants, Milwaukee County and Milwaukee Metropolitan Sewerage District, by their attorneys, Crivello Carlson, S.C., submit this Reply Brief in Support of Defendants' Motion to Bar Plaintiff's Expert as follows:

**INTRODUCTION**

On July 28, 2020, the defendants filed a motion to bar the plaintiff from calling Dr. Kashian to testify because the plaintiff failed to comply with Federal Rule of Civil Procedure 26 ("Rule 26") and, in noncompliance with Federal Rule of Evidence 702 ("FRE 702"), the article authored by Dr. Kashian and served by the plaintiff on June 15, 2020 ("Article Report") provided no facts, data or opinions or anything else to do with the Estabrook dam, its removal, any effect the dam's removal had on the water level of the Milwaukee River, or the effect of any of the foregoing to the value of the plaintiff's property. The article was published in 2007.

On September 4, 2020, the plaintiff served a "Supplement to Plaintiff's Disclosure of Expert Witnesses" that included a report by Dr. Kashian dated the same day (the "Supplemental Report"). (Mullin Dec. ¶2, Exh. A). Also on September 4, 2020, the plaintiff filed a brief opposing the defendants' motion, making the following arguments: (1) counsel for the defendants did not confer with counsel for the plaintiff before bringing the motion to bar the plaintiff's expert; (2) the Court's Trial Scheduling Order did not contain a deadline for expert witness disclosures, such that disclosures were required 90 days before trial (or September 7, 2020) and therefore the plaintiff's September 4, 2020 Supplemental Report by Dr. Kashian complied with Rule 26; (3) notwithstanding the foregoing, the plaintiff substantially complied with a June 15, 2020 deadline for the plaintiff's expert disclosure set forth in a stipulation the parties negotiated, executed and filed with the Court, but the documents served on September 4, 2020 were timely supplements to the plaintiff's prior disclosure such that any violation of the stipulation was harmless; and (4) with respect to FRE 702, Dr. Kashian is qualified to offer testimony and opinions in the above-captioned case.

Like the plaintiff's expert disclosure, the plaintiff's response brief to the defendants' motion was untimely and discussed irrelevant considerations that do not address the issues at hand. For the reasons explained in greater detail below, the Court should grant the defendants' motion and prevent Dr. Kashian from testifying because (1) the plaintiff has failed to comply with Rule 26 and/or (2) the content of Dr. Kashian's Article Report and Supplemental Report provide no facts, data or opinions or anything else to do with the Estabrook Dam, its removal, any effect the dam's removal had on the water level of the Milwaukee River, or the effect of any of the foregoing to the value of the plaintiff's property and as such his testimony would provide no value to the trier of fact.

# ARGUMENT

## I. PLAINTIFF HAS NOT FILED A TIMELY RESPONSE TO THE DEFENDANTS' MOTION.

The plaintiff's response brief to the defendants' Motion to Bar Plaintiff's Expert was required to have been filed within 21 days of service of the defendants' Motion. Civil L. R. 7(b). Because the defendants' Motion was filed on July 28, 2020, plaintiff's response to that motion was due on August 18, 2020. (Mullin Dec. ¶3, ECF-Doc. 30). Instead, the plaintiff filed his response to the Motion on September 4, 2020. (Mullin Dec. ¶4, ECF-Doc. 35). The opposition to the Motion was untimely, and it should be disregarded. Failure to file a timely response to the Motion is sufficient cause for the Court to grant the Motion. Civil L. R. 7(d). The Court may also impose sanctions under General L. R. 83(f) for such failure to respond to the Motion. *Id*.

## II. PLAINTIFF'S MEET AND CONFER ARGUMENTS ARE MISPLACED.

On June 15, 2020, which was the deadline for the plaintiff to submit his expert witness disclosures, Plaintiff's counsel submitted via e-mail the curriculum vitae of Dr. Kashian and an article authored by Dr. Kashian regarding what effect changes in water levels have on the prices of real estate on Lake Koshkonong, WI. (Mullin Dec. ¶5, Ex. B, June 15, 2020 Email). The e-mail serving the foregoing documents read as follows:

> Let's touch base on this case tomorrow afternoon if you are available. Attached hereto is the plaintiff's expert witness disclosure and *content of the report*, the remaining components are being finalized by the witness and I should have an idea on the timeline in the next 24 hours.

(Id.)(emphasis added). The undersigned counsel called Plaintiff's counsel on June 16, 2020. (Mullin Dec., ¶6). Plaintiff's counsel was unavailable and his receptionist indicated that he would call back when available. (Id.). Plaintiff's counsel never called back. (Id.) Plaintiff's counsel does not dispute that there was no return of that call or that no other attempt by Plaintiff's counsel

3

to contact Defendants' counsel to discuss this matter after Defendants' counsel reached out. (Pl.'s Br. p. 3). As the defendants' deadline to disclose experts was approaching, the defendants filed the instant motion and a motion pursuant to Local Rule 7(h) seeking relief pending the outcome of the instant motion on July 28, 2020.

The duty to confer outlined in the Court's Trial Scheduling Order is in reference to the filing of the final pretrial report with the aspiration of avoiding unnecessary filings on issues or items where there is no disagreement between counsel and to otherwise identify more precise areas of disagreement. Here, it is undisputed that Defendants' counsel did attempt to contact Plaintiff's counsel, but no response was given. Moreover, no conference between counsel was going to avoid the need to file this motion presently before the Court: the plaintiff's expert disclosure does not comply with Rule 26 on its face, and Dr. Kashian's Article Report (and Supplemental Report) make no reference to any facts, data or opinion that is particular to the issues or properties in the case at bar—so as to come remotely close to meeting the requirements of FRE 702. No amount of conferring was going to change those facts, and, regardless, Defendants' counsel did attempt to confer while Plaintiff's counsel did not.

In short, counsel for the defendants initiated communication with counsel for the plaintiff relating to the plaintiff's expert disclosure, but never received a response. A fair reading of the Court's Trial Scheduling Order did not require the parties to confer about expert disclosures that did not comply with Rule 26, and the "Article Report", on its face, did not meet the requirements of Rule 26 or FRE 702.

4

### III. PLAINTIFF'S POSITION ON HIS DEADLINE TO DISCLOSE EXPERTS IS CONTRARY TO RULE 26, CIVIL L. R. 26 AND INTERNALLY INCONSISTENT WITH ITSELF.

The plaintiff claims that his deadline to disclose experts was 90 days before the trial pursuant to Rule 26(a)(2)(D) and "Local Rule 26(b)(1)", which, in this case, fell on Labor Day, September 7, 2020. (P.'s Br. p. 1). The plaintiff then contradictorily claims that he timely disclosed experts by June 15, 2020, the deadline set in a stipulation between the parties that the plaintiff's counsel acknowledged existed. (Id., p. 2). The plaintiff's brief provides no explanation as to why the plaintiff provided the incomplete disclosure on June 15, 2020 if his deadline was actually September 7, 2020.

Plaintiff's counsel knows that the stipulation entered between counsel provided a June 15, 2020 deadline with respect to the disclosures of the plaintiff's experts; the plaintiff does not dispute this fact in his brief. (Pl.'s Br. p. 4)(asserting "substantial compliance" by June 15, 2020). Despite that concession, the plaintiff attempts to seek refuge in the local rule for expert disclosures and in Rule 26, both of which indicate that a stipulation between the parties takes precedence over the default guidelines set forth in Rule 26 and the local analog. The local rule for expert disclosures, Civil L. R. 26(b), does not provide a deadline or time frame in which to disclose experts. Civil L. R. 26(b). Civil L. R. 26(b)(2) provides that "[a]bsent a *stipulation* or a Court order, disclosures required under this rule shall be made in accordance with Fed. R. Civ. P. 26(a)(2)(C)." (Emphasis added). Rule 26 provides the following with respect to the timing of the disclosures of experts: "[a] party must make these disclosures at the times and in the sequence that the court orders. Absent a *stipulation* or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. C. P. 26(a)(2)(D) (emphasis added).

5

Despite trying to claim that the plaintiff's deadline was 90 days before trial because there was no deadline for expert disclosures set in the Court's Trial Scheduling Order, the plaintiff does not dispute the defendants' assertion that the parties had a stipulation that was entered by the Court whereby the deadline for the plaintiff's expert disclosures were due by June 15, 2020, the same day the plaintiff's counsel emailed what was represented to be "the plaintiff's expert witness disclosure and content of the report, the remaining components are being finalized." (Mullin Dec. ¶5, Exh. B, June 15, 2020 Email). The email attached the curriculum vitae of Dr. Kashian and an article he wrote in 2007 about draw down of water at a lake nearly 70 miles away.

These disclosures do not satisfy Rule 26(a)(2)(B), nor does the plaintiff make an argument that they do.

Instead, the plaintiff asserts that the Rule 26 requirements were fully satisfied with the "supplemental" disclosures that were served upon the defendants on September 4, 2020, and that according to Rule 26(2)(D)(i), these disclosures were provided within the proper timeframe. However, plaintiff's reliance on Rule26(2)(D)(i) that these disclosures may be made within 90 days before the trial date is only applicable if there is no stipulation stating otherwise. Fed. R. Civ. P. 26(a)(2)(D). As stated above, a stipulation was entered into by the parties requiring the plaintiff to serve all proper disclosures by June 15, 2020. (Mullin Dec. ¶7, Ex. X). Therefore, because the plaintiff did not provide all proper disclosures by the date stipulated to between the parties, he did not comply with Rule 26, and the plaintiff only "supplemented" its disclosure *after* the defendants filed the instant motion.

The date stipulated here was June 15, 2020. In conjunction with the June 15, 2020 deadline, the plaintiff sent an email purporting to serve the expert disclosure comprising the curriculum vitae of Dr. Kashian and "the content of the report". Now, the plaintiff contends that he complied with

6

Rule 26 when the plaintiff provided "the remaining components" of Dr. Kashian's expert report on September 4, 2020. (Pl.'s Br. p. 3).  The plaintiff has not complied.  Even assuming the plaintiff partially disclosed experts on June 15, 2020 despite the plaintiff's contention that the deadline was actually 90 days before trial, even if the Court's schedule did give the plaintiff until September 4, 2020 to disclose experts, the plaintiff *still* has not complied, even taking the separate supplemental disclosures into account.  That is because the expert disclosure from the plaintiff is inadequate in ways required under the Federal Rules.

Under Rule 26(a)(2)(B), the disclosure of Dr. Kashian must include all of the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26.

Dr. Kashian's Supplemental Report is devoid of any opinion regarding how the removal of the Estabrook Dam has allegedly affected the surround properties subject to this claim. The report concludes by opining that "there is evidence that suggests the possibility that a removal of a dam can affect property values negatively and positively." (Mullin Dec. ¶8, Ex. D., September 4, 2020 "Supplemental Report" of Dr. Kashian).  The Supplemental Report identifies no facts or data particular to the Estabrook Dam.  The only attachments to the report are articles, none of which discuss the Estabrook Dam.  In the Supplement to Plaintiff's Disclosure of Expert Witness, the plaintiff asserts that Dr. Kashian has not testified as an expert witness at trial or by deposition during the previous 4 years and that Dr. Kashian is providing his services to the plaintiff in this case *pro bono*.  Presumably, this information could have been shared by June 15, 2020, but these "remaining components" of the disclosure were not shared by the deadline for some reason.  And

7

these components do nothing to remedy the fatal defects in the substance of the report as required by Fed. R. Civ. P. 26(a) (2)(B).

In short, the plaintiff did not comply with the stipulated deadline of June 15, 2020 for the plaintiff's disclosure of experts and still has not complied with Rule 26 even if the Court considers the September 4, 2020 supplement. Accordingly, the Court should grant the defendants' motion.

## IV. PLAINTIFF'S NONCOMPLIANCE WITH RULE 26 WAS NOT JUSTIFIED OR HARMLESS.

The plaintiff cannot use an expert witness for which he has failed to provide proper disclosures under Rule 26(a) "unless the failure was substantially justified or is harmless" and that standard has not been met here. Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Whether a violation of Rule 26(a) is justified or harmless is a matter of the Court's discretion. *Smithfield Foods, Inc. v. U.S.*, 2015 WL 6965213, *4 (November 10, 2015) (*citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

### A. Plaintiff Has Not Proven Substantial Justification for His Noncompliance.

The plaintiff's justification for not providing a complete disclosure in accordance with Rule 26(a) and the Stipulation on Rule 26(f) Discovery Plan is because, due to state mandated COVID-19 restrictions, Dr. Kashian "was limited in his ability to conduct research while revising his curriculum and teaching responsibilities in response to the University of Wisconsin-Whitewater's response to the pandemic." (Pl.'s Br. p. 4). There is no affidavit from Dr. Kashian that indicates how COVID-19 restrictions impacted his ability to prepare a timely report; there was no suggestion in the June 15, 2020 email from counsel for the plaintiff that Dr. Kashian needed more time to conduct research or otherwise prepare his report. (Mullin Dec. ¶5, Exh. B, June 15, 2020 Email).

8

To the contrary, the representation in the June 15, 2020 email from counsel for the plaintiff indicated that "[a]ttached hereto is the plaintiff's expert witness disclosure and *content of the report*, the remaining components are being finalized by the witness and I should have an idea on the timeline in the next 24 hours." (Id.) Defense counsel believed that the "remaining components" referred to in the email were going to be the list of four years of trial or deposition testimony and the statement of compensation to be paid for testimony in the case. Based on the recent supplementation, there is absolutely no reason why the plaintiff could not have indicated that Dr. Kashian has not testified in the previous four years and is otherwise donating his time in the case at bar.

Returning to the plaintiff's purported explanation for the need to delay or wait until September 4, 2020 to provide additional materials was the need for Dr. Kashian to conduct additional research, but Dr. Kashian's September 4, 2020 Supplemental Report does not identify any research he conducted between June 15, 2020 and September 4, 2020 to render any opinions related to the removal of the Estabrook Dam or the effect, if any, the removal of the Estabrook Dam had on Mr. Kreuziger's property (or property value). Dr. Kashian's report only cites reference material that are from (in order of appearance in the report) 1988, 1987, 1982, 1974, 1977, 2016, 2008, 2008, 2020, 2008, 1998, and 2002. The article from 2020 was published on January 6, 2020 and none of the reference materials, including the article from January of 2020, are applied to the Estabrook Dam or Mr. Kreuziger's property.

Moreover, as the defendants explained in the moving brief, the parties extended the plaintiff's deadline for expert disclosures once before by agreement; the parties executed the subject stipulation on May 13, 2020, during the COVID-19 pandemic *after* Wisconsin's Safer-at-Home Orders were already in place (and the subject of litigation pending before the Wisconsin

9

Supreme Court). In May of 2020, there was no mention of needing until September 4, 2020 to permit Dr. Kashian the time and opportunity to conduct additional research that he was unable to conduct as a result of any Safer-at-Home Orders, which were already known to the parties and set to expire before the June 15, 2020 deadline for the plaintiff's expert disclosures.

In short, there does not appear to be any substantial justification for noncompliance. Plaintiff has not explained how COVID-19 restrictions impacted the plaintiff's expert's ability to author the generic Supplemental Report or impacted his ability to provide the additional information relating to Dr. Kashian's past testimony and compensation information, which was provided on September 4, 2020.

### B. Plaintiff Has Not Proven His Noncompliance was Harmless

"[A]t the heart of Rule 37's automatic sanction provision is the recognition that precious time and resources of both opposing counsel and this Court are wasted when faced with unjustified delay. And such waste, when significant enough, constitutes its own kind of harm." *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128, 134, 57 Fed. R.Serv. 3d 608 (E.D. Wis. 2003). Under Plaintiff's view, prejudice could always be avoided and noncompliance with Court orders would always be "harmless" if courts extend deadlines; doing so, however, would render Rule 37 obsolete. *Id*; *see Dotson v. Bravo*, 321 F.3d 663 (7th Cir. 2003)("[T]he court's inherent authority to rectify abuses to the judicial process also authorizes sanctions for certain violations. . . This power is governed by the necessary control courts must have over their dockets.")

The plaintiff argues that his noncompliance with Rule 26(a) is harmless because additional time can be given to depose Dr. Kashian if said deposition cannot be completed by a certain date. The undisputed facts remain that Plaintiff's counsel has represented Mr. Kreuziger with respect to the matters raised by Plaintiff's Complaint since at least January 22, 2015, when Mr. Kreuziger

10

was permitted to intervene in a related state court action. (Defs.' Br. p. 1). In addition, deadlines have already been pushed back by agreement after Wisconsin's Safer-at-Home Orders were in place. Further, the failure to provide the required report will not be remedied by a deposition, where Defendants would be prejudiced in their preparation and defense by not having a complete report. It is not the defense counsel's obligation to use the deposition of the opposing expert to identify for the first time any case-specific opinions, facts or data that the opposing expert is maintaining or considering as part of the expert's testimony in the subject case.

The report of an expert who is expected to testify must include "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them". Fed. R. Civ. P. 26(a)(2)(B). Expert reports under Rule 26(a)(2) must be "detailed and complete" and not "sketchy and vague". *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (citations omitted); *see Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007)("The purpose of the report is to set forth the substance of the direct examination." (citations omitted)); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998)("A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. . . [It] must include 'how' and 'why' the expert reached a particular result, and not merely the expert's conclusory onions."). Further, Rule 26(a)(2) requires the report be detailed and complete in order to conserve resources. *Salgado*, 419 F.3d at 741 n. 6.

This insufficient disclosure does not comply with the requirements of Rule 26, as described in the relevant case law, and it was not harmless. It does not suffice that the defendants knew that Dr. Kashian was the plaintiff's expert witness before the report was disclosed. *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). And it does not suffice that a deposition

11

may occur in the future. "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony." Id. (citations omitted).

### V. DR. KASHIAN'S "SUPPLEMENTAL" REPORT SUFFERS FROM THE SAME DEFICIENCIES UNDER FRE 702 THAT AFFLICTED THE JUNE 15, 2020 "ARTICLE REPORT" AS BOTH DO NOT COMPLY WITH RULE 26.

In their moving brief, the defendants explained that as the proponent of the proposed expert, the plaintiff has the burden of proof with respect to admissibility. (Defs.' Br. p. 7)  The defendants explained that Dr. Kashian's "Article Report" did not mention any fact, piece of data, or opinion relating to the Milwaukee River, the Estabrook Dam or Mr. Kreuziger's property. (Id.) The defendants' moving brief also explained that Dr. Kashian's report contained no application of any principles or methods or formula to any facts or data to the Milwaukee River, the Estabrook Dam or Mr. Kreuziger's property. (*Id.*)  Accordingly, the defendants asked that the Court preclude Dr. Kashian from offering any testimony or opinions about the Milwaukee River, the Estabrook Dam or Mr. Kreuziger's property on that basis because the report fails to comply with Rule 26(a)(2)(B).

Defendants' position has not changed, even in the face of Dr. Kashian's Supplemental Report dated September 4, 2020 because the Supplemental Report also does not state any facts, any data or any opinion about the Milwaukee River, the Estabrook Dam or Mr. Kreuziger's property. (Mullin Dec. ¶8, Exh. D, September 4, 2020 Supplemental Report of Dr. Kashian). Because the subject motion before the Court was to bar Dr. Kashian based on the plaintiff's failure to comply with Rule 26 and the content of the disclosure at the time of the filing of the motion, the

12

defendants reserve the right to address the content of the plaintiff's supplemental disclosure including Dr. Kashian's September 4, 2020 Supplemental Report after the Court rules on the pending motion relating to the untimely disclosure that did not otherwise comply with Rule 26, and address Dr. Kashian's September 4, 2020 Supplemental Report, only if necessary, if the Court denies the subject motion and allows the September 4, 2020 supplementation.

Dated this 18th day of September, 2020.

BY: /s/ *Daniel K. Mullin*
SAMUEL C. HALL, JR.
State Bar No.: 1045476
DANIEL K. MULLIN
State Bar No.: 1068953
ANDREW C. GOLDNER
State Bar No. 1105150
CRIVELLO CARLSON, S.C.
Attorneys for Defendant, Milwaukee County
710 N. Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414.271.7722
Fax: 414.271.4438
Email: shall@crivellocarlson.com
dmullin@crivellocarlson.com
agoldner@crivellocarlson.com